## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MOHAMED KOUROUMA,

     Petitioner,

v.                                                                                  No. 26-cv-0562-KWR-GJF

WARDEN, *et al*,

     Respondents,

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner's miscellaneous *pro se* filings seeking release under 28 U.S.C. § 2241. Petitioner is an immigration detainee at the Otero County Processing Center. The Court previously directed him to file an amended § 2241 petition, as his initial pleading contains insufficient information to determine whether he is properly detained under 8 U.S.C. § 1226, 8 U.S.C. § 1231, or some other statute. *See* Doc. 4. The Order includes instructions on what information Petitioner must provide to raise a claim under § 2241. In response, Petitioner filed seven letters and appendices that describe his health; cite various immigration hearings; and seek leave to remain in the United States. *See* Docs. 5-11.

"It is not the role of ... the Court ... to sort through" various filings "to construct [the movant's] causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014). *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Piecemeal submissions violate Fed. R. Civ. P. 8(a), which requires movants to submit a short, plain statement setting forth the grounds for relief. *See Monument Builders of Greater Kan. City, Inc. v. Am.*

*Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (The purpose of Rule 8 "is to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.") (quotations omitted).

The Court will give Petitioner one more chance to file a single, amended § 2241 petition. The petition must appear on the official habeas form and may not exceed 30 pages in length.   All documents filed in this case must include the case number, No. 26-cv-0562-KWR-GJF.   The single § 2241 amendment should include details about when Petitioner entered the United States; what process (bond hearings, removal hearings, etc.) Petitioner has received so far; whether/when the immigration court entered a removal order or denied bond; the reason for any denial of bond; and the status of any immigration appeals.   The amendment should not include civil claims regarding inadequate medical care.   To raise claims regarding medical care, Petitioner must file a separate civil rights action.   See *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens* … not through federal habeas proceedings").

Petitioner is finally reminded that this Court cannot allow him to permanently remain in the United States or make any determination as to his immigration status.   Pursuant to 8 U.S.C. § 1252, known as the "zipper clause," Federal District Courts lack jurisdiction over claims challenging removal orders.   See *Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018).   This includes "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar.

2

*Id.* at 317.

**IT IS ORDERED** that within twenty-one (21) days of entry of Order, Petitioner shall file a single, amended § 2241 petition, as set forth above.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a copy of the form 28 U.S.C. § 221 habeas petition.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE